## STATEMENT OF FACTS

On Friday, November 14, 2025 at approximately 2114 hours, Officers of the Seventh District's Special Missions Unit (SMU) were working were conducting active patrol in Police Service Area (PSA) 705 within the jurisdictional boundaries of the District of Columbia.

As officers patrolled the 3400 block of 11th Place Southeast, they observed a silver Nissan Versa (Virginia tag            ) parked and idling along the curb. Officers noticed that the vehicle did not display a front tag, and they exited their vehicles to make contact with the occupants of the Versa to advise them of the "No Front Tag" violation (NOI#7918117034).



*The Vehicle as Officer Zambrano Approached*

As Officer Zambrano walked toward the passenger side of the Versa, the front passenger window partially rolled down and Officer Zambrano greeted the occupants and observed smoke and smelled the odor of burnt marijuana coming from the vehicle. Moments after initial contact was made with the three occupants, Officer Zambrano observed a large circular bulge in the abdominal area of Carlos Cunningham ("CUNNINGHAM"), the front passenger of the Versa. Officer Zambrano also noticed that below this circular bulge, a straight linear print could be observed in CUNNINGHAM's pants, to the right of his zipper, pointing away from his torso, toward his knees, as CUNNINGHAM sat in the seat of the vehicle. The term print refers to when a hard object presses on fabric, such as clothes, and produces a partial or full outline of the hard or rigid object.

Officer Zambrano was aware that the location of these bulges on CUNNINGHAM's body are consistent with "appendix carry", a common position for carrying a pistol on the body. At this point, Officer Zambrano took a closer look at this area of CUNNINGHAM's body. While using his flashlight, Officer Zambrano observed a small portion of what he immediately recognized as the grip of a black pistol in the gap or separation between the bottom of CUNNINGHAM's hoodie and the top of his pants. This is the exact area where Officer Zambrano had observed the round bulge in the hoodie and linear bulge in the pants.

Officer Zambrano told CUNNINGHAM not to reach for the firearm and opened the front passenger door to secure the firearm and detain CUNNINGHAM.

Officer Zambrano lifted the bottom of CUNNINGHAM's hoodie, revealing a large "drum" magazine inserted into the pistol, consistent with the circular bulge he had observed on CUNNINGHAM's abdominal area. Officer Zambrano removed the firearm from CUNNINGHAM and secured it.



*Officer Zambrano's Recovery of the Firearm and Drum Magazine*

Officer Zambrano recovered the following firearm and ammunition:

Make: Glock

Model: 19

Serial Number: ▇▇▇▇▇▇▇

Caliber: 9mm

Magazine: PMAG D-50 (50-round 9mm drum magazine)

Ammunition: 44x 9mm rounds from the magazine, 0x from the chamber.

The firearm appeared to be fully functional, able to be fired with one hand, had a barrel length less than 12 inches, and capable of expelling a projectile by means of explosion.

Officer Zambrano conducted a search incident to arrest of CUNNINGHAM and recovered two round pink pills labeled "M 10" and 1x white round pill labeled "10 670". Based on a search of drugs.com, officers learned that these two pills are a variation of Oxycodone Hydrochloride, a controlled substance only available through a medical prescription which CUNNINGHAM was unable to provide.



*Pills Recovered from CUNNINGHAM*

Further, once CUNNINGHAM was removed from the vehicle, Officers observed what appeared to be hand-rolled marijuana cigarette in the front passenger area of the car, the area that CUNNINGHAM had been occupying.



*Lit Cigarette Recovered from Where CUNNINGHAM Was Seated*

CUNNINGHAM's identity was confirmed, and it was confirmed that CUNNINGHAM did not have a license to carry a handgun in the District of Columbia. A criminal history check showed that CUNNINGHAM was previously convicted in 2016 in D.C. Superior Court Case number 2013-CF3-013460 of: Carrying a Pistol Without a License and Unlawful Discharge of a Firearm and sentenced to 24 months of incarceration and 12 months of incarceration, respectively. In addition, while on scene, CUNNINGHAM made a statement that he had just been released after serving several years in prison. Accordingly, CUNNINGHAM would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

As such, your affiant submits that probable cause exists to charge Carlos CUNNINGHAM with violation of 18 U.S.C. 922(g)(1) **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**.

Officer Samuel Zambrano-Mora
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 15, 2025.

Honorable Zia M. Faruqui
United States Magistrate Judge